RAY v. THE REGISTRAR OF PROPERTY.

APPEAL from a Decision of the Registrar of Property of San Juan.

No. 23.—Decided May 1, 1907.

RECORD OF TITLES.—In order that titles transferring or establishing ownership and other property rights, as well as all others referred to by article 2 of the Mortgage Law, may be recorded in the registry of property, it is necessary that they appear in a public instrument, executory judgment, or authentic document executed with all the formalities required by law.

ID.—POWER OF ATTORNEY—FORMALITIES OF EXECUTION THEREOF—INCURABLE DEFECT.—Powers of attorney, the object of which is the performance of an act which is or should be set forth in a public instrument, such as the conveyance of the ownership of real property, must be public instruments; and those powers of attorney, the object of which is to perform acts of absolute ownership, must contain express authority therefor, as otherwise the attorney-in-fact will be without authority to perform such acts, and instruments executed under such authority will contain incurable defects preventing them from being admitted to record in the registry of property.

DISSOLUTION OF PARTNERSHIP—CONSENT OF ALL MEMBERS THEREOF.—In order that the dissolution of a partnership and the transfer of its assets to another may become legally effective, it is necessary that the consent and agreement of all the partners composing the same should expressly appear.

The facts are stated in the opinion.

*Mr. Texidor* for appellant.

Mr. Chief Justice Quiñones delivered the opinion of the court.

This is an appeal taken by Attorney Jacinto Texidor on behalf of Percy Stanley Ray, from a decision of the registrar of property of this city, refusing to admit a deed of sale to record.

By public deed executed in this city before Jacinto Texidor y Alcalá del Olmo, an attorney and notary of the same, Richard D. Coe, on January 6, 1905, as the representative of a corporation organized under the laws of the State of Massachusetts, which did business in this city under the firm name of· De Ford & Co., he being thereby duly authorized to execute such deed, sold to George T. Parker and Percy Stanley Ray a tract of land situated in the *barrio* of Santurce, in the municipal district of this city, consisting of 986.13 square meters, with a frame house thereon, which he alleged were the property of his principals, De Ford & Co., for the price of $3,000, and of the sum he acknowledged that he received $2,000, it being agreed that the vendees would pay one-half of the remaining $1,000 within a period of three months and the other half within six months, with interest at 9 per cent per annum payable at the end of each month, and to secure the payment of the unpaid balance of $1,000 and $300 more for interest and costs they mortgaged the property described and acquired under said deed of sale in two equal parts.

This deed was presented in the registry of property of this city together with a document signed by Richard D. Coe and witnesses, before Rosendo Matienzo Cintrón, a notary of Ponce, on June 12, 1905, to the effect that an error had been committed in the deed in question, in that it stated that the area of the land sold was 986.13 square meters, when the true area thereof was 1,986.13 square meters, and he wished to have this made a matter of record in order that the deed might be corrected in this sense; and, furthermore, a power

of attorney, also executed in the form of a private document, by Messrs. Henry de Ford, Francis Dumaresq, John D. H. Luce, and William S. H. Lothrop, as the parties composing the firm of De Ford & Co., signed by De Ford before Rafael León, a notary of Ponce, on December 5, 1900, by Messrs. D. H. Luce and Francis Dumaresq, before Santiago R. Palmer, a notary of this city, on November 28 of the same year, and by William H. Lothrop before Notary Geo. E. Perrin, of the county of Suffolk, on the 16th of said month of November, in favor of Richard D. Coe. This document, which is drawn in the English language, contains the following clause:

"We hereby constitute and appoint Richard D. Coe, of the city of Ponce, in the Island of Porto Rico, our true and lawful attorney in fact, in order that he may, for us and in our names and stead, sign and indorse checks and drafts, bills of exchange and orders for the payment of money; and to sign and indorse invoices and receipts and acquittances, for any sums of money, or anything else due us.

"And we hereby give our said attorney in fact full power and authority to proceed in these matters and everything relating thereto, as fully and validly as we would do if we were personally present."

Upon the request of the person presenting these documents, that the deed be recorded in the registry of property, the registrar denied the record on the grounds set forth in the decision which he placed at the end of said deed, which reads as follows:

"The record of the foregoing document is denied as to the sale and mortgage it includes, because the power of attorney presented, executed by Henry De Ford, Francis Dumaresq, John D. H. Luce, and William S. H. Lothrop, as members of the firm of De Ford & Co., to Richard D. Coe., signed by the former in Ponce on December 5, 1900, before Notary Rafael León, acknowledged by Messrs. Luce and Dumaresq on November 28 of the same year, before Notary Santiago R. Palmer, and by Lothrop in the Commonwealth of Massachusetts on the 16th of said month of November; before Notary George E. Perrin, does authorize the said attorney in fact to sell real property, and because said power of attorney cannot be considered a public document

with respect to De Ford, Luce, and Dumaresq, because it has not been executed in accordance with the provisions of the Notarial Law in force in this Island; and the proper cautionary notice has been entered, effective for the legal period, at folio 183, reverse side, of volume 50 of this city, estate No. 2,152, record letter A; and the explanation of the area of the estate made in a document signed in Ponce by Coe on the 12th of June of last year, before Notary Rosendo Matienzo Cintrón, is not admitted either, for the reason that it is not executed in accordance with the provisions of the said Notarial Law, therefore is not a public document. In said record letter A the curable defects have been set forth, that the interest of each of the purchasers in the estate is not shown; that no document has been produced proving that said principals are the members of the firm making the sale, and that the signature of Notary Perrin, before whom William S. H. Lothrop acknowledged the power of attorney, is not authenticated.—San Juan Bautista de Puerto Rico, July 26, 1906.''

Attorney Jacinto Texidor took this appeal from said decision of the registrar on behalf of Percy Stanley Ray, seeking the reversal of said decision and the issuance of an order to the registrar to record the deed.

In corroboration of the grounds of the appeal, the appellant submitted, in addition to the documents described above, another deed executed in Ponce before Notary Alberto Salicrup on September 26, 1905, by the said Richard D. Coe as the general attorney in fact of the firm of Lothrop, Luce & Co., engaged in trade in Boston, New York and Porto Rico, in which, after setting forth the antecedents mentioned in the deed of the purchase and sale of the lot, of January 6 of said year, and those relating to the dissolution of said firm of Lothrop, Luce & Co., Mr. Richard D. Coe corrected the error committed in said deed of purchase and sale with respect to the real area of the lot. He further declared that having received from Messrs. George T. Parker and Percy Stanley Ray, in his capacity as general attorney in fact and representative of the same firm of Lothrop, Luce & Co., the owners of all the assets of the former firm of De Ford & Co., which included the mortgage credit constituted on the lot referred

to, the balance of $1,000 of the price of said real property remaining unpaid, with the interest agreed, he executed in favor of the said George T. Parker and Percy Stanley Ray a full and absolute discharge and total cancellation of the said credit, and stated that he desired and agreed to the cancellation of the record thereof in the registry of property. This cancellation was not made owing to the refusal of the registrar to cancel the encumbrance on the ground set forth in the decision which he placed at the foot of the deed, which reads as follows:

"The cancellation referred to in the foregoing document is not allowed, because it has not been established that the firm of Lothrop, Luce & Co. is the owner of the credit, the cancellation of which is sought; because the dissolution of the firm of De Ford & Co. has not been duly established, nor the assignment of Henry De Ford, a member thereof, to W. S. H. Lothrop and John D. H. Luce, as the document inserted comprises only an abstract of such acts, while Francis Dumaresq, another partner of the firm of De Ford & Co., according to a power of attorney conferred by him and his copartners on Richard D. Coe, mention in record letter A, made on account of the denial of the record of said credit at folio 183, over, of volume 50 of this city, estate No. 2,152, does not appear to have taken part in the dissolution of said partnership; and because it has not been established that De Ford, Lothrop and Luce, who dissolved the partnership, were the only members thereof; and, furthermore, because it has not been established either that Lothrop and Luce contributed to the firm of Lothrop, Luce & Co. the mortgaged credit mentioned, as the extract from the articles of copartnership inserted does not constitute a document sufficient therefor, and makes no reference whatsoever to such contribution; and the proper cautionary notice of said cancellation has been entered at folio 247, over, of volume 62 of this city, estate 2,152, duplicate, record letter B, effective for a ·period of 120 days from this date.—San Juan, Porto Rico, July 27, 1906."

According to article 3 of the Mortgage Law of this Island, in order that instruments transferring or declaring ownership and other property rights, and the others mentioned in the preceding article, may be recorded in the registry of property, they must be embodied in a public instrument, final

judgment, or authentic document, issued by a judicial authority, or by the Government, or its agents, in the form prescribed by the Regulations, which circumstances are not present in the document signed by Richard D. Coe before Notary Rosendo Matienzo Cintrón, of Ponce, on June 12, 1905, explaining the true area of the land sold by the deed of the 6th of January of the same year, inasmuch as said document is not drawn with the formalities required by the Notarial Law in force in this Island at the time it was executed.

With respect to the power of attorney executed by the persons who composed the firm of De Ford & Co. in favor of Richard D. Coe, and of which the latter made use in the execution of the deed of sale of the land in question on behalf of said firm, as the power of attorney is not embodied in a public instrument, as required by section 1247 of the Revised Civil Code with regard to powers, the object of which is an act drafted or which is to be drafted in a public instrument, as required by the first subdivision of said section 1247 of the Civil Code for the sale of real property, and as, on the other hand, it does not contain an express commission to sell, as required by section 1615 of the said Code in order that the agent may validly execute acts of full ownership in the name of the principal, it is evident that this power of attorney did not grant Richard D. Coe sufficient capacity to execute the deed of sale in question in the name of the firm of De Ford & Co.

These defects cannot be considered to have been cured by the statements made by Richard D. Coe in the deed of cancellation of September 26, 1905, executed by him as the general attorney in fact of Lothrop, Luce & Co., because the data embodied in said deed not being sufficient to establish the dissolution of the firm of De Ford & Co. and the constitution of the firm of Lothrop, Luce & Co., because the instrument in question does not show that the dissolution of said firm and the transfer of its assets to Lothrop and Luce were made with the consent and agreement of Francis Dumaresq, who,

according to the documents of record in this case, was also a member of said firm of De Ford & Co., it is evident that the statements made by Richard D. Coe, as the said general attorney in fact of Lothrop, Luce & Co. in the deed of cancellation of September 26, 1905, cannot serve to validate the deed of purchase and sale of the lot of January 6 of the same year, executed by said Richard D. Coe as the attorney in fact of De Ford & Co., without sufficient power from said firm to sell the real property in question.

Therefore, Richard D. Coe not having the capacity to sell the lot the subject of the said deed of purchase and sale on behalf of De Ford & Co., said deed contains a material defect which prevents its record in the registry of property.

In view of the provisions of law cited, and, furthermore, of articles 18 and 65 of the Mortgage Law and 110 of the Regulations for its execution, the decision of the registrar of property of this city appearing at the end of the deed of purchase and sale involved in this appeal is affirmed, and it is ordered that it be returned to him together with the other documents presented, and a certified copy of this decision, for his information and other proper purposes.

*Affirmed.*

Justices Hernández, Figueras, MacLeary and Wolf concurred.